UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

-vs-

D-2, JORGE VIRAMONTES

Defendant.

_____/

No. 07-20068

HON. Paul V. Gadola

**OFFENSE(S):** Conspiracy to possess with intent to distribute five kilograms or more of cocaine

**MAXIMUM PENALTY:** Twenty years to Life imprisonment

**MAXIMUM FINE:** $8,000,000

## RULE 11 PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant JORGE VIRAMONTES and the government agree as follows:

1.  **GUILTY PLEA**

    A.  **Count(s) of Conviction**

    Defendant will enter a plea of guilty to **Count(s) one** of indictment, which charge(s) conspiracy to possess with intent to distribute five kilograms or more of cocaine.

    B.  **Elements of Offense(s)**

The elements of Count One:

1.   Two or more persons agreed to possess with intent to distribute a controlled substance;

2.   The controlled substance was five kilograms or more of cocaine, a schedule II controlled substance; and

3.  The defendant knowingly and intentionally joined the agreement.

**C.   Factual Basis for Guilty Plea**

The following facts are a sufficient and accurate basis for defendant's guilty plea(s):   Defendant Jorge Viramontes agreed with his co-defendant, Deshawn Howard, and others, to acquire large quantities of cocaine and transport them to the Flint area for sale and distribution to others between about December 1, 2006 and February 11, 2007.   For sentencing purposes, Viramontes agrees to be held responsible for between 50 and 150 kilograms of cocaine resulting in a base offense level of 36.

**D.   Cooperation:**   Defendant agrees to assist the U.S. Attorney in the investigation and prosecution of others involved in criminal activities, as specified below.

1.   Truthful Information and Testimony. Defendant will provide truthful and complete information concerning cocaine trafficking to and in the Flint metropolitan area   Defendant will provide full debriefings as requested to the U.S. Attorney, and

- 2 -

federal, state, and local law enforcement agencies.  Defendant will provide truthful

testimony at all proceedings, criminal, civil, or administrative, as requested by the

U.S. Attorney, including, especially, any proceedings against his co-defendant,

Deshawn Howard.  Such testimony may include, but is not limited to, grand jury

proceedings, trials, and pretrial and post-trial proceedings.  Defendant agrees to be

available for interviews in preparation of all testimony.  Defendant further agrees to

submit, upon request, to government-administered polygraph examinations to verify

defendant's full and truthful cooperation.  Defendant understands that this obligation

to provide cooperation continues after sentencing and that failure to follow through

constitutes a breach of this agreement.

      2.    <u>Nature of Cooperation</u>.  Defendant agrees to cooperate in good faith,

meaning that defendant will not only respond truthfully and completely to all

questions asked, but will also volunteer all information that is reasonably related to

the subjects discussed in the debriefing.  In other words, defendant may not omit

facts about crimes, participants, or defendant's involvement, and then claim not to

have breached this agreement because defendant was not specifically asked

questions about those crimes, participants, or involvement.  Defendant will notify the

U.S. Attorney in advance if defendant intends to offer a statement or debriefing to

other persons other than defendant's attorney.  Defendant is not prevented in any

way from providing truthful information helpful to the defense of any person.  Any

actions or statements inconsistent with continued cooperation under this agreement, including but not limited to criminal activity, or a statement indicating a refusal to testify, or any other conduct which in any way undermines the effectiveness of defendant's cooperation, constitutes a breach of this agreement.

3.     The government agrees that, as long as defendant continues to cooperate as promised, it will withdraw the Section 851 penalty enhancement information that notices defendant's two prior drug felony trafficking convictions and re-file the penalty enhancement information noticing only one of the defendant's prior felony drug trafficking convictions. This action will reduce the defendant's mandatory minimum sentence from life imprisonment to a mandatory minimum of 240 months. The defendant understands that if he reneges on his cooperation agreement, the government will re-file the original penalty enhancement information and that he will then be again facing a mandatory life sentence upon conviction. The defendant also agrees that because of his two prior felony drug trafficking convictions, he qualifies as a career offender for guidelines sentencing purposes.

## 2.     SENTENCING GUIDELINES

### A.     Standard of Proof

The Court will find sentencing factors by a preponderance of the evidence.

### B.     Agreed Guideline Range

- 4 -

There are no sentencing guideline disputes. Except as provided below, defendant's guideline range is **262 to 327** months, as set forth on the attached worksheets. If the Court finds:

a) that defendant's criminal history category is higher than reflected on the attached worksheets, or

b) that the offense level should be higher because, after pleading guilty, defendant made any false statement to or withheld information from his probation officer; otherwise demonstrated a lack of acceptance of responsibility for his offense(s); or obstructed justice or committed any crime,

and if any such finding results in a guideline range higher than **262 to 327**, the higher guideline range becomes the agreed range. However, if the Court finds that defendant is a career offender, an armed career criminal, or a repeat and dangerous sex offender as defined under the sentencing guidelines or other federal law, and that finding is not already reflected in the attached worksheets, this paragraph does *not* authorize a corresponding increase in the agreed range. (Note: Defendant Viramontes is a career offender.)

Neither party may take a position concerning the applicable guidelines that is different than any position of that party as reflected in the attached worksheets, except as necessary to the Court's determination regarding subsections a) and b),

above.

3.    <u>SENTENCE</u>

The Court will impose a sentence pursuant to 18 U.S.C. §3553, and in doing so must consider the sentencing guideline range.

A.    **Imprisonment**

Except as provided in the next sentence, pursuant to Federal Rule of Criminal Procedure11(c)(1)(C),  the sentence of imprisonment in this case may not exceed the top of the sentencing guideline range as determined by Paragraph 2B. However, the Court **must** impose a sentence of imprisonment on Count one of at least twenty years.

B.    **Supervised Release**

A term of supervised release follows the term of imprisonment. The Court **must** impose a term of supervised release on Count one of no less than **ten years** . The agreement concerning imprisonment described above in Paragraph 3A does not apply to any term of imprisonment that results from any later revocation of supervised release.

C.    **Special Assessment**

Defendant will pay a special assessment of **$100** and must provide the government with a receipt for the payment before sentence is imposed.

**D.     Fine**

There is no agreement as to fines.

**E.     Restitution**

Restitution is not applicable to this case.

**4.**

**A.     Waiver of Right to DNA Testing**

Defendant waives any right he has to move for an order requiring the DNA

testing of evidence that was secured in relation to the investigation or prosecution

of this case.

**5.     OTHER CHARGES**

If the Court accepts this agreement, the government will dismiss all remaining

charges in this case.

**6.     EACH PARTY'S RIGHT TO WITHDRAW FROM THIS AGREEMENT**

The government may withdraw from this agreement if the Court finds the

correct guideline range to be different than is determined by Paragraph 2B.

Defendant may withdraw from this agreement, and may withdraw his guilty

plea, if the Court decides to impose a sentence higher than the maximum allowed

by Part 3.  This is the only reason for which defendant may withdraw from this

agreement.  The Court shall advise defendant that if he does not withdraw his guilty plea under this circumstance, the Court may impose a sentence greater than the maximum allowed by Part 3.

7.    RIGHT TO APPEAL

If the sentence imposed falls within the guideline range allowed by defendant in Paragraph 2B, above, defendant waives any right to appeal his conviction or sentence.  If the sentence imposed is above that range, defendant retains his right to directly appeal the Court's guideline determination.  The government agrees not to appeal any sentence within the guideline range it has recommended in Paragraph 2B, but retains the right to appeal any determination by the Court to apply a lower range.  Defendant understands that defendants generally have the right collaterally to attack their convictions and sentences by filing post-conviction motions, petitions, or independent civil actions.  As part of this agreement, however, defendant knowingly and voluntarily waives that right and agrees not to contest his conviction or sentence in any post-conviction proceeding, including - but not limited to - any proceeding under 28 U.S.C. § 2255.

8.    CONSEQUENCES OF WITHDRAWAL OF GUILTY PLEA(S) OR VACATION OF CONVICTION(S)

If defendant is allowed to withdraw his guilty plea(s) or if any conviction entered pursuant to this agreement is vacated, the Court shall, on the government's

- 8 -

request, reinstate any charges that were dismissed as part of this agreement.  If additional charges are filed against defendant within six months after the date the order vacating defendant's conviction or allowing him to withdraw his guilty plea(s) becomes final, which charges relate directly or indirectly to the conduct underlying the guilty plea(s) or to any conduct reflected in the attached worksheets, defendant waives his right to challenge the additional charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

## 9.  PARTIES TO PLEA AGREEMENT

Unless otherwise indicated, this agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

## 10.  SCOPE OF PLEA AGREEMENT

This agreement, which includes all documents that it explicitly incorporates, is the complete agreement between the parties.  It supersedes all other promises, representations, understandings, and agreements between the parties concerning the subject matter of this plea agreement that are made at any time before the guilty plea is entered in court.  Thus, no oral or written promises made by the government to defendant or to the attorney for defendant at any time before defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this

- 9 -

agreement.

This agreement does not prevent any civil or administrative actions against defendant, or any forfeiture claim against any property, by the United States or any other party.

## 11. ACCEPTANCE OF AGREEMENT BY DEFENDANT

This plea offer expires unless it has been received, fully signed, in the Office of the United States Attorney by 5:00 P.M. on 5/18/2007. The government reserves

the right to modify or revoke this offer at any time before defendant pleads guilty.

STEPHEN J. MURPHY
United States Attorney

*Robert W. Haviland*

ROBERT HAVILAND
ASSISTANT UNITED STATES ATTORNEY
ATTORNEY IN CHARGE, FLINT OFFICE

JAMES C. MITCHELL
ASSISTANT UNITED STATES ATTORNEY

DATE: MAY 02, 2007

BY SIGNING BELOW, DEFENDANT ACKNOWLEDGES THAT HE HAS READ (OR BEEN READ) THIS ENTIRE DOCUMENT, UNDERSTANDS IT, AND AGREES TO ITS TERMS. HE ALSO ACKNOWLEDGES THAT HE IS SATISFIED WITH HIS ATTORNEY'S ADVICE AND REPRESENTATION. DEFENDANT AGREES THAT HE HAS HAD A FULL AND COMPLETE OPPORTUNITY TO CONFER WITH HIS LAWYER, AND HAS HAD ALL OF HIS QUESTIONS ANSWERED BY HIS LAWYER.

MICHAEL P. MANLEY
ATTORNEY FOR DEFENDANT

JORGE VIRAMONTES
DEFENDANT        5-9-07

DATE: 5/9/07

- 11 -

# WORKSHEET A   (Offense Levels)

Defendant: _JORGE VIRAMONTES_          Count(s): _1 - CONSP TO PWID >5kg Coc_

Docket No.: _07-20068_          Statute(s): _21 USC §841(a)(1)_
_§ 3846_

Complete one Worksheet A for each count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction) before applying the multiple-count rules in U.S.S.G. ch. 3, pt. D.  However, in any case involving multiple counts of conviction, if the counts of conviction are all  "closely related" to each other within the meaning of  U.S.S.G. § 3D1.2(d), complete only a single Worksheet A.

## 1.   BASE OFFENSE LEVEL AND SPECIFIC OFFENSE CHARACTERISTICS (U.S.S.G. ch. 2)

| Guideline Section | Description | Levels |
|---|---|---|
| § 2D1.1(c)(2) | CONSP TO PWID >5KG COCAINE | 36 |
| | 50 TO 150 KILOS COCAINE = OL 36 | |
| | | |
| | | |
| | | |

## 2.   ADJUSTMENTS (U.S.S.G. ch. 3, pts. A, B, C)

| Guideline Section | Description | Levels |
|---|---|---|
| | NO SAFETY VALVE | |
| | NO F/A'S | |
| | | |

## 3.   ADJUSTED OFFENSE LEVEL

Enter the sum of the offense levels entered in Items 1 and 2.  If this Worksheet A does not cover every count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction), complete one or more additional Worksheets A and a single Worksheet B.

**36**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*If this is the only Worksheet A, check this box and skip Worksheet B.*   ☑

*If the defendant has no criminal history, check this box and skip Worksheet C.*   ☐

(rev. 06/99)

# WORKSHEET B   (Multiple Counts)

## Instructions  (U.S.S.G. ch. 3, pt. D):

- Group the counts of conviction into distinct Groups of Closely Related Counts. "All counts involving substantially the same harm shall be grouped together into a single Group."  (*See* U.S.S.G. § 3D1.2.)

- Determine the offense level applicable to each Group.  (*See* U.S.S.G. § 3D1.3.)

- Determine the combined offense level by assigning "units" to each Group as follows (*see* U.S.S.G. § 3D1.4):

  - assign 1 unit to the Group with the highest offense level,
  - assign 1 unit to each additional Group that is equally serious as, or 1 to 4 levels less serious than, the Group with the highest offense level,
  - assign ½ unit to each Group that is 5 to 8 levels less serious than the Group with the highest offense level,
  - assign no units to each Group that is 9 or more levels less serious than the Group with the highest offense level.



1.   **GROUP ONE:  COUNTS** _____
       ADJUSTED OFFENSE LEVEL                                        unit

2.   **GROUP TWO:  COUNTS** _____
       ADJUSTED OFFENSE LEVEL                                          unit

3.   **GROUP THREE:  COUNTS** _____
       ADJUSTED OFFENSE LEVEL                                          unit

4.   **GROUP FOUR:  COUNTS** _____
       ADJUSTED OFFENSE LEVEL                                          unit

5.   **TOTAL UNITS**                                                   units

6.   **INCREASE IN OFFENSE LEVEL**

   | | |
   |---|---|
   | 1 unit  → no increase | 2½-3 units  → add 3 levels |
   | 1½ units  → add 1 level | 3½ -5 units  → add 4 levels |
   | 2 units  → add 2 levels | >5 levels  → add 5 levels |

7.   **ADJUSTED OFFENSE LEVEL OF GROUP WITH THE HIGHEST OFFENSE LEVEL**

8.   **COMBINED ADJUSTED OFFENSE LEVEL**

   Enter the sum of the offense levels entered in Items 6 and 7.

# WORKSHEET C   (Criminal History)

Date of defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses):   _12-1-06_

## 1.   PRIOR SENTENCES

### Prior Sentence of Imprisonment Exceeding 13 Months  (U.S.S.G. §§ 4A1.1(a)):        3 POINTS

Enter 3 points for each prior adult sentence of imprisonment exceeding one year and one month that either (1) was imposed within 15 years of the defendant's commencement of the instant offenses (taking into account relevant conduct and stipulated offenses) or (2) resulted in the defendant's confinement during any part of that 15-year period. (*See* U.S.S.G. §§ 4A1.1(a), 4A1.2(d)(1), (e)(1).)

### Prior Sentence of Imprisonment of at Least 60 Days  (U.S.S.G. §§ 4A1.1(b)):        2 POINTS

Enter 2 points for each prior sentence of imprisonment of at least 60 days not counted under U.S.S.G. § 4A1.1(a) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(b), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and resulted in the defendant's confinement during any part of the 5-year period preceding the defendant's commencement of the instant offense (*see* U.S.S.G. §§ 4A1.1(b), 4A1.2(d)(2)(A)).

### Other Prior Sentences  (U.S.S.G. §§ 4A1.1(c)):        1 POINT

Enter 1 point for each prior sentence not counted under U.S.S.G. § 4A1.1(a) or (b) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(c), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and was imposed within 5 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(c), 4A1.2(d)(2)(B)).  .NOTE:  No more than 4 points may be added under this item.

| Date of Imposition | Status* | Offense | Sentence | Release Date** | Points |
|---|---|---|---|---|---|
| 4-21-90 | A | POSS/PURCHASE FOR SALE | 1 YR + 3 YRS PROB | ___ | 0 |
| 7-21-95 | A | FIP F/A | 24 MOS PROB | ___ | 1 |
| 01-09-98 | A | NARCOTICS SALES | 7 YR CUSTODY | ___ | 3 |
| 9-1-04 | A | POSS MJ FOR SALE | 36 MOS PROB | ___ | 1 |
| ___ | ___ | ___ | ___ | ___ | |
| ___ | ___ | ___ | ___ | ___ | |

*   If the defendant committed the offense before turning 18, indicate whether he or she was sentenced as a juvenile (J) or as an adult (A).

**   A release date is required in only three situations:  (1) when a sentence covered under U.S.S.G. § 4A1.1(a) was imposed more than 15 years before the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) but resulted in his or her confinement during any part of that 15-year period; (2) when a sentence counted under U.S.S.G. § 4A1.1(b) was imposed for an offense com-mitted before the defendant turned 18 but resulted in his or her confinement during any part of the 5-year period preceding his or her commence-ment of the instant offense (taking into account relevant conduct and stipulated offenses); and (3) when 2 criminal history points are added pur-suant to U.S.S.G. § 4A1.1(c) because the defendant committed the instant offense (taking into account relevant conduct and stipulated offenses) shortly after or during imprisonment resulting from a sentence counted under U.S.S.G. § 4A1.1(a) or (b) or while he or she was on escape status for such a sentence.

(rev. 06/99)

(WORKSHEET C, p. 2)

2.   **COMMISSION OF INSTANT OFFENSE WHILE UNDER PRIOR SENTENCE** (U.S.S.G. § 4A1.1(d))

Enter 2 points if the defendant committed any part of the instant offense (taking into account relevant conduct and stipulated offenses) while under any criminal justice sentence having a custodial or supervisory component, including probation, parole, supervised release, imprisonment, work release, and escape status. (*See* U.S.S.G. §§ 4A1.1(d), 4A1.2(m), (n).) List the type of control and identify the sentence from which it resulted.



3.   **COMMISSION OF INSTANT OFFENSE SHORTLY AFTER OR DURING IMPRISONMENT** (U.S.S.G. § 4A1.1(e))

Enter 2 points if the defendant committed any part of the instant offense (taking into account relevant conduct and stipulated offfenses) either less than 2 years after release from imprisonment on a sentence counted under U.S.S.G. §§ 4A1.1(a) or 4A1.1(b) or while in imprisonment or escape status on such a sentence. However enter, only 1 point for this item if 2 points were added under Item 2. (*See* U.S.S.G. §§ 4A1.1(e), 4A1.2(n).) List the date of release and identify the sentence from which it resulted.

ON PROBATION AT TIME OF OFFENSE
(SEE 09·01·04 CONVICTION — 3 YRS PROB.)



2

4.   **PRIOR SENTENCE RESULTING FROM CRIME OF VIOLENCE** (U.S.S.G. § 4A1.1(f))

Enter 1 point for each prior sentence resulting from a conviction for a crime of violence that did not receive any points under U.S.S.G. § 4A1.1(a), (b), or (c) because such sentence was considered related to another sentence resulting from a conviction for a crime of violence. But enter no points where the sentences are considered related because the offenses occurred on the same occasion. (*See* U.S.S.G. §§ 4A1.1(f), 4A1.2(p).) Identify the crimes of violence and briefly explain why the cases are considered related. NOTE: No more than 3 points may be added under this item.

5.   **TOTAL CRIMINAL HISTORY POINTS**

Enter the sum of the criminal history points entered in Items 1-4.

7

6.   **CRIMINAL HISTORY CATEGORY**



IV

| Total Criminal History Points | Criminal History Category |
|---|---|
| 0 – 1 | I |
| 2 – 3 | II |
| 4 – 6 | III |
| 7 – 9 | IV |
| 10 – 12 | V |
| ≥ 13 | VI |

(rev. 06/99)

# WORKSHEET D   (Guideline Range)

**1.    (COMBINED) ADJUSTED OFFENSE LEVEL**

Enter the adjusted offense level entered in Item 3 of Worksheet A or the combined adjusted offense level entered in Item 8 of Worksheet B.



**2.    ADJUSTMENT FOR ACCEPTANCE OF RESPONSIBILITY  (U.S.S.G § 3E1.1)**



**3.    TOTAL OFFENSE LEVEL**

Enter the difference between Items 1 and 2.



**4.    CRIMINAL HISTORY CATEGORY**

Enter "I" if the defendant has no criminal history.  Otherwise, enter the criminal history category entered in Item 6 of Worksheet C.



**5.    CAREER OFFENDER / CRIMINAL LIVELIHOOD / ARMED CAREER CRIMINAL**
**(U.S.S.G. ch. 4, pt. B)**

   a.  Total Offense Level:  If the career offender provision (U.S.S.G. § 4B1.1), the criminal livelihood provision (U.S.S.G. § 4B1.3), or the armed career criminal provision (U.S.S.G. § 4B1.4) results in a total offense level higher than the total offense level entered in Item 3, enter the higher offense level total.



   b.  Criminal History Category:  If the career offender provision (U.S.S.G. § 4B1.1) or the armed career criminal provision (U.S.S.G. § 4B1.4) results in a criminal history category higher than the criminal history category entered in Item 4, enter the higher criminal history category.



**6.    GUIDELINE RANGE FROM SENTENCING TABLE  (U.S.S.G. ch. 5, pt. A)**

Enter the guideline range in the Sentencing Table (*see* U.S.S.G. ch. 5, pt. A) produced by the total offense level entered in Item 3 or 5.a and the criminal history category entered in Item 4 or 5.b.



360 - LIFE
onths

**7.    STATUTORY RESTRICTIONS ON OR SUPERSESSION OF GUIDELINE RANGE**

If the maximum sentence authorized by statute is below, or a minimum sentence required by statute is above, the guideline range entered in Item 6, enter either the guideline range as restricted by statute or the sentence required by statute. (*See* U.S.S.G. § 5G1.1.)  If the sentence on any count of conviction is required by statute to be consecutive to the sentence on any other count of conviction, explain why.



LIFE *
months

\* IF § 851 IS W/D & RE-FILED NOTICING ONLY ONE FEL DRUG PRIOR, THE MANDATORY MINIMUM BECOMES 240 MONTHS. IF Δ RECEIVES 3 PTS FOR AOR, RANGE FOR CAREER OFFENDER BECOMES 262 TO 327 MONTHS.

(rev. 06/99)

# WORKSHEET E   (Authorized Guideline Sentences)

1. **PROBATION** (U.S.S.G. ch. 5, pt. B)

    a. <u>Imposition of a Term of Probation</u> (U.S.S.G. § 5B1.1)



        1. Probation is not authorized by the guidelines (minimum of guideline range > 6 months or statute of conviction is a Class A or a Class B felony).  If this box is checked, go to Item 2 (Split Sentence).

        2. Probation is authorized by the guidelines (minimum of guideline range = zero months).

        3. Probation is authorized by the guidelines, provided the court imposes a condition or combination of conditions requiring intermittent confinement, community confinement, or home detention satisfying the minimum of the guideline range (minimum of guideline range > 0 months but ≤ 6 months).

    b. <u>Length of Term of Probation</u> (U.S.S.G. § 5B1.2)

        1. At least 1 year but not more than 5 years (total offense level ≥ 6).

        2. No more than 3 years (total offense level < 6).

    c. <u>Conditions of Probation</u> (U.S.S.G. § 5B1.3)

        The court must impose certain conditions of probation and may impose other conditions of probation.

2. **SPLIT SENTENCE** (U.S.S.G. § 5C1.1(c)(2), (d)(2))



    a. A split sentence is not authorized (minimum of guideline range = 0 months or > 10 months).

    b. A split sentence is authorized (minimum of guideline range > 0 months but ≤ 10 months).  The court may impose a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention for imprisonment, provided that at least one-half of the minimum of the guideline range is satisfied by imprisonment (if the minimum of the guideline range is 8, 9, or 10 months), or that at least one month is satisfied by imprisonment (if the minimum of the guideline range is 1, 2, 3, 4, or 6 months).  The authorized length of the term of supervised release is set forth below in Item 4.b

3. **IMPRISONMENT** (U.S.S.G. ch. 5, pt. C)

    A term of imprisonment is authorized by the guidelines if it is within the applicable guideline range (entered in Item 6 of Worksheet D).  (*See* U.S.S.G. § 5C1.1.)

(WORKSHEET E, p. 2)

4. **SUPERVISED RELEASE** (U.S.S.G. ch 5., pt. D)

    a. <u>Imposition of a Term of Supervised Release</u> (U.S.S.G. § 5D1.1)

        The court must impose a term of supervised release if it imposes a term of imprisonment of more than one year, or if it is required to do so by statute. The court may impose a term of supervised release if it imposes a term of imprisonment of one year or less.

    b. <u>Length of Term of Supervised Release</u> (U.S.S.G. § 5D1.2)

☐    1. At least 3 years but not more than 5 years, where the count of conviction is a Class A or a Class B felony, i.e., an offense carrying a maximum term of imprisonment ≥ 25 years.

☐    2. At least 2 years but not more than 3 years, where the count of conviction is a Class C or a Class D felony, i.e., an offense carrying a maximum term of imprisonment ≥ 5 years but < 25 years.

☐    3. 1 year, where the count of conviction is a Class E felony or a Class A misdemeanor, i.e., an offense carrying a maximum term of imprisonment > 6 months but < 5 years.

☐    4. The statute of conviction requires a minimum term of supervised release of __*120*__ months.

    c. <u>Conditions of Supervised Release</u> (U.S.S.G. § 5D1.3)

        The court must impose certain conditions of supervised release and may impose other conditions of supervised release.

5. **RESTITUTION** (U.S.S.G. § 5E1.1)

☐    1. The court will determine whether restitution should be ordered and in what amount.

☐    2. Full restitution to the victim(s) of the offense(s) of conviction is *required* by statute. (*See, e.g.*, 18 U.S.C. §§ 3663A, 2327.) The parties agree that full restitution is $_____.

☐    3. The parties agree that the court may order restitution to the victim(s) of the offense(s) of conviction in any amount up to and including $_____. (*See* 18 U.S.C. §§ 3663(a)(3).)

☐    4. The parties agree that the court may *also* order restitution to persons other than the victim(s) of the offense(s) of conviction. (*See* 18 U.S.C. §§ 3663(a)(1)(A), 3663A(a)(3).)

☒    5. Restitution is not applicable.

(rev. 06/99)

(WORKSHEET E, p. 3)

6.  **FINE** (U.S.S.G. § 5E1.2)

    a. Fines for Individual Defendants

    The court must impose a fine unless "the defendant establishes that he [or she] is unable to pay and is not likely to become able to pay any fine." (*See* U.S.S.G. § 5E1.2(a).)  Generally, the fine authorized by the guidelines is limited to the range established in the Fine Table.  (*See* U.S.S.G. § 5E1.2(b).)  However, there are exceptions to this general rule.  (*See* U.S.S.G. § 5E1.2(b), (c)(4).)

    b. Fine Range from Fine Table  (U.S.S.G. § 5E1.2(c)(3))

    | Minimum Fine | Maximum Fine |
    |---|---|
    | $ *17,500* | $ *8,000,000* |

7.  **SPECIAL ASSESSMENT(S)** (U.S.S.G. § 5E1.3)

    The court must impose a special assessment on every count of conviction.  The special assessments for individual defendants are

    $100.00 for every count charging a felony ($50.00 if the offense was completed before April 24, 1996)
    $ 25.00 for every count charging a Class A misdemeanor,
    $ 10.00 for every count charging a Class B misdemeanor, and
    $  5.00 for every count charging a Class C misdemeanor or an infraction.

    The defendant must pay a special assessment or special assessments in the total amount of $ *100* .

8.  **ADDITIONAL APPLICABLE GUIDELINES, POLICY STATEMENTS, AND STATUTES**

    List any additional applicable guideline, policy statement, or statute.

    _____

9.  **UPWARD OR DOWNWARD DEPARTURE** (U.S.S.G. ch. 5, pts. H & K)

    List any applicable aggravating or mitigating circumstance that might support a term of imprisonment above or below the applicable guideline range.

    _____

    _____

    _____

(rev. 06/99)