UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,   Case No. 07-20068-2

        Plaintiff,   Honorable LINDA V. PARKER

Vs.

JORGE VIRAMONTES,

        Defendant,
_____

PATRICK E. CORBETT P41182         GLENN M. SIMMINGTON P33626
Assistant United States Attorney   Law Office of Glenn Simmington, PLLC
Attorney for Plaintiff             Attorney for Defendant
211 W. Fort Street                 503 S. Saginaw Street, Ste. 700E
Suite 2001                         Flint, Michigan 48502-1861
Detroit, Michigan 48226            (810)-820-3076
313-226-9703                       gsimmington@gmail.com
Patrick.Corbett@usdoj.gov
_____

**DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE OPPOSING DEFENDANT'S EMERGENCY MOTION FOR COMPASSIONATE RELEASE**

Defendant Jorge Viramontes, through counsel, Glenn M. Simmington, hereby makes the following Reply to the government's Response Opposing Defendant's Emergency Motion for Compassionate Release:

In the government's May 13 response opposing Mr. Viramontes' emergency motion for compassionate release, it makes the following representation:

1

> The government obtained the defendant's 2019-2021 medical records from BOP, which are filed under seal as Exhibits Eight (2021 medical records), Nine (2020 medical records), and Ten (2019 medical records). The records reveal that … On April 7, 2021, the defendant was offered the Moderna COVID-19 vaccine, and he refused it. Exhibit Eight (2021 medical records, p. 38).

*See* United States' Response Opposing Emergency Motion for Compassionate Release, p. 6.

To this representation, Mr. Viramontes admits that page 38 of his 2021 BOP medical records does contain a notation supporting the government's claim. The referenced entry appears as follows:

```
                              Bureau of Prisons
                              Health Services
                              Immunizations
Begin Date:  01/01/2021              End Date:    04/21/2021
Reg #:       40456-039               Inmate Name: VIRAMONTES, JORGE

Immunization              Immunization Date   Administered  Location   Dosage  Drug Mfg.   Lot #   Dose #   Exp Date
COVID-19 Moderna Vaccine  04/07/2021          Refused

     Orig Entered: 04/07/2021 14:36 EST  Ballesil, Zaldy RN, IDC, IOP
Total: 1
```

*See* government's "Sealed Exhibit 8," p. 38.

Mr. Viramontes contends, however, that the medical record is incomplete, and therefore misleading. The circumstances of Mr. Viramontes' April 7, 2021 "refusal" to consent to the administration of the Moderna vaccine are more complicated than the medical record suggests.

2

Those circumstances, which Mr. Viramontes is desirous of bringing to the Court's attention, are laid out in detail in **Exhibit R**, attached, and are quoted here for easy reference:

1. [He] was presented with the opportunity to receive the Moderna vaccine on April 7, 2021, (to [his] best recollection);

2. When [he] was presented with the Moderna vaccination opportunity, [he] told [his] medical care providers at FCI Mendota that [he] would like to consult with [his] attorney before accepting the vaccination;

3. [He] thereafter corresponded with [his] attorney, via the Corrlinks email portal, after which [he] immediately asked FCI Mendota healthcare providers to "put [him] on the list" for the vaccine;

4. [He] was then informed that there "had not been enough to go around," and that therefore [his] next opportunity would be delayed;

5. Not long after that, [he] was offered the opportunity to receive the Moderna vaccine again, and [he] immediately consented, receiving [his] first dose of the vaccine shortly thereafter;

6. After receiving [his] first dose, [he] was told [he] would have to wait for [his] second dose;

7. Because of the circumstances stated above, [he] affirmatively state[s] that, initially, [he] understood that [he] was being given an ultimatum, and not a choice, that is, consent to the vaccine without being given access to a consultation with [his] lawyer, or be denied the vaccine because of [his] failure to immediately consent;

8. When properly given the opportunity to obtain legal

3

>consultation, [he] decided, on [his] own, to receive the vaccine, and as a consequence, [he is] now fully vaccinated."

See **Exhibit R,** Client Affidavit – Proposed – 5-28-2021, attached.

**Relevance of these circumstances to contents of Emergency Motion for Compassionate Release**.

On April 16, 2021, Jorge Viramontes' Emergency Motion for Compassionate Release was filed. Previous to filing that motion, on April 7, defense counsel asked Mr. Viramontes, via email sent through the CorrLinks portal, whether he had been vaccinated. The following day, April 8, counsel had an exchange of Corrlinks emails with Mr. Viramontes, but was unable to obtain (through the use of that crude, and inefficient, method of communication) a clear picture of whether Mr. Viramontes had already been offered the vaccine, or whether the FCI Mendota facility may have lacked sufficient availability of the vaccine to provide all of its residents (including Mr. Viramontes) with the opportunity to receive the vaccine.

Then, on April 12, counsel learned, from a family member of Mr. Viramontes, that Jorge was unsure about whether to consent to being vaccinated. Defense counsel responded by telling the family member that the question of whether to consent to receiving the vaccine was a medical question, and one regarding which defense counsel was unqualified to provide opinions or advice.

4

By April 16, the date counsel completed, and filed, Mr. Viramontes' motion, counsel was still without any solid information about whether Mr. Viramontes had even been personally offered, (much less taken advantage of), the opportunity to be vaccinated. As a consequence, Mr. Viramontes' original motion was completely silent about the legal consequences, if any, that might accompany *either* a Compassionate Release Movant's receipt of the COVID-19 vaccination, *or* such a Movant's refusal to accept such vaccination.

In any event, it was not until defense counsel received the government's May 13 Response in Opposition to Mr. Viramontes' Motion that he learned of (1) the government's claim that Mr. Viramontes had been vaccinated, (on April 7, 2021 or otherwise), and of (2) the existence of a BOP medical record evidencing Mr. Viramontes' alleged April 7 refusal to be vaccinated. Moreover, due to the government's apparent oversight in failing to provide defense counsel with a copy of "Sealed Exhibit 8" – the medical documentation of that alleged refusal – defense counsel was required to verbally request a copy of that document, from Assistant United States Attorney Patrick Corbett. When AUSA Corbett responded by supplying, on May 20, 2001, Sealed Exhibit 8, defense counsel learned, *for the very first time*, that Mr. Viramontes' alleged April 7 "refusal" to receive the vaccine was not *recorded* in Mr. Viramontes' Bureau of Prisons medical record *until April 21,*

5

*2021, five days after counsel's filing of Mr. Viramontes' Compassionate Release Motion.*

When counsel obtained this information, efforts were undertaken to arrange a personal telephone conference with Mr. Viramontes, and after navigating the proverbial "red tape" to make that telephone conference happen, counsel was able to speak with Mr. Viramontes, on May 26.

Finally, it was during that conversation that counsel obtained information that supplemented, and "put a finer point" on, both Mr. Viramontes' April 7, 2021 "refusal" to be vaccinated, and the subsequent events that followed.

This information, again, has been set forth above, in **Exhibit R**, which is an affidavit that, as of this filing date, has not been returned to counsel. On information and belief, however, Mr. Viramontes' efforts to have the signed affidavit notarized, for return to counsel, are in progress, and both the Court and the Assistant United States Attorney's office have defense counsel's assurance that the signed and notarized document will be filed and served upon receipt.

*Wherefore*, for the reasons, and based upon the authorities, stated in Mr. Viramontes' Emergency Motion for Compassionate Release, Mr. Viramontes respectfully reiterates his request that the Court exercise its authority, and resentence Mr. Viramontez to home confinement, for the balance of a significantly reduced

sentence; or, in the alternative, that the Court consider sentencing Mr. Viramontes to time served, and to supervised release.

Dated: June 4, 2021                s/Glenn M. Simmington
                                                  GLENN M. SIMMINGTON  P33626
                                                  Attorney for Defendant
                                                  503 S. Saginaw St., Ste. 700E
                                                  Flint, MI  48502-1861
                                                  (810) 820-3076
                                                  gsimmington@gmail.com

LOCAL RULE CERTIFICATION: I, Glenn M. Simmington, certify that this document complies with Local Rule 5.1(a), including: double-spacing (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10 ½ characters per inch (for non-proportional fonts) or 14 point (for proportional fonts).

GLENN M. SIMMINGTON P33626

CERTIFICATE OF SERVICE

The undersigned certifies that on the 4th day of June, 2021, the above Reply to United States Response in Opposition to Emergency Motion and Brief for Compassionate Release and this Certificate of Service was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Glenn M. Simmington