UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

        Criminal Case No. 07-20068-2
        Honorable Linda V. Parker

JORGE VIRAMONTES,

        Defendant.

_____/

## OPINION AND ORDER DENYING DEFENDANT'S REQUEST FOR COMPASSIONATE RELEASE (ECF NO. 56)

On June 12, 2007, Jorge Edwardo Viramontes ("Defendant") pled guilty pursuant to a Rule 11 Plea Agreement to Conspiracy to Possess with Intent to Distribute 5 Kilograms or More of Cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(1). On February 25, 2008, the Court sentenced Defendant to 327 months of incarceration, followed by 120 months of supervised release. (ECF No. 29 at Pg ID 104.) This matter is presently before the Court on Defendant's Motion for Compassionate Release. (ECF No. 56.) The Government opposes Defendant's request. (ECF No. 62.) Defendant has filed a reply to the Government's opposition (ECF No. 64) and each party has filed supplemental briefs or notices of supplemental authority (ECF Nos. 65, 66, 67).

Defendant cites his age and underlying health conditions, which heighten his risk of developing a life-threatening illness should he contract COVID-19, as constituting extraordinary and compelling circumstances that warrant his early release. (ECF No. 56 at Pg ID 210.) He claims that a resentencing to home confinement for a reduced sentence or, in the alternative, sentencing to time served and supervised release, would be consistent with the factors outlined in 18 U.S.C. § 3553(a). (*Id*. at Pg ID 226; ECF No. 64 at Pg ID 640-41.) For the following reasons, however, the Court denies Defendant's Motion for Compassionate Release.

## Applicable Law

A defendant may move for Compassionate Release under § 3582(c)(1)(A) only after "fully exhaust[ing] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Under the statute, a court may reduce a defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C.] Section 3553(a) to the extent they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that a reduction is consistent with applicable statements issued by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(1)(A)(i). The factors set forth in § 3553(a)

include a defendant's history and characteristics, the nature and circumstances of the crimes, due consideration of the seriousness of the crimes, promoting respect for the law, providing just punishment, affording adequate deterrence, protecting the public from further crimes by the defendant, the need to avoid unwarranted and unjust sentence disparities among similarly positioned defendants, and providing any necessary correctional services and treatment. *See* 18 U.S.C. § 3553(a). The defendant bears the burden of proving that "extraordinary and compelling reasons" exist to justify release under the statute. *See United States v. Rodriguez*, 896 F.2d 1031, 1033 (6th Cir. 1990).

Here, the Government does not dispute that Defendant properly exhausted all administrative remedies. (ECF No. 62 at Pg ID 345.) The Government does dispute, however, whether Defendant's asserted extraordinary and compelling circumstances warrant compassionate release. Specifically, the Government contends that Defendant's full-vaccination status, in consideration of his identified health afflictions, precludes a finding of extraordinary and compelling circumstances. The Government also argues that the § 3553(a) factors do not support a reduction in Defendant's sentence.

## Analysis

First, the Court addresses Defendant's fear of contracting COVID-19 and subsequently developing a life-threatening response because of his age and

3

underlying health conditions. Experts acknowledge the greater risk of COVID-19 infection for incarcerated individuals, and a particular risk of serious outcomes for infected individuals who are 50 years of age or older or who have certain underlying medical conditions. *See COVID-19 Risks and Information for Older Adults,* CDC, https://perma.cc/3MMA-B5QX (last visited March 14, 2023). However, expert guidance also states that individuals "65 and older who have received both doses of either Pfizer or Moderna vaccines showed a 94% reduced risk of COVID-19 related hospitalization." *Id.*

Defendant is 57 years old, and his medical records indicate he has the following ailments: (1) asthma; (2) obesity; (3) hyperlipidemia (or high cholesterol); and (4) hypothyroidism. (*See* ECF No. 63 at Pg ID 399.) Defendant claims that he is susceptible to a severe, adverse reaction due to his various health ailments should he contract COVID-19 while imprisoned. However, a key defense against such severe reactions is the reception of a full vaccination. Although the record indicates that the parties disputed Defendant's vaccination status, this discrepancy is resolved. This Court recognizes that Defendant is fully vaccinated with the Moderna Vaccine. (*See* ECF No. 64-1 at Pg ID 643.)

In considering a motion for compassionate release based on COVID-19, an individual's full-vaccination status is not dispositive to the court's granting or denial of such a motion. Rather, vaccination status is a factor weighed in

4

conjunction with the facts on a case-by-case basis. District Courts in the Eastern District of Michigan, however, "routinely refuse to find that a fully vaccinated prisoner has an extraordinary and compelling reason for release because of their fear of contracting COVID-19." *United States v. Collier*, No. 2:15-CR-20774-1, 2021 WL 1560079, at *2 (E.D. Mich. Apr. 21, 2021) (collecting cases); *see also United States v. Lemons*, 15 F.4th 747 (6th Cir. 2021) (affirming the district court's determination that a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an "extraordinary and compelling reason" warranting a sentence reduction); *United States v. Alokwu*, Nos. 21-2676/2677, 2022 U.S. App. LEXIS 818, at *3–4 (6th Cir. Jan. 11, 2022) (affirming the district court's denial of motion for compassionate release for an obese, 60-year-old defendant, who had hypertension and presented pre-diabetes, because his full-vaccination status significantly reduced his risk of becoming seriously ill from COVID-19); *United States v. Traylor*, 16 F.4th 485, 486 (6th Cir. 2021) (affirming district court's holding that an individual with diabetes, sleep apnea, asthma, obesity, a recent organ transplant, and use of immunosuppressive therapy did not demonstrate an extraordinary and compelling reason warranting a sentence reduction because she had received two doses of the Pfizer vaccine).

In addition to acknowledging Defendant's health conditions and vaccination status, the Court also notes that there are currently no positive inmate cases present in Mendota FCI where Defendant is currently incarcerated. *See COVID-19: Coronavirus*, Federal Bureau of Prisons, https://perma.cc/UZ77-M9BP (last visited June 1, 2023). Although the prison could see a spike in COVID-19 cases, such fear, alone, does not justify a compassionate release to prisoners. *See e.g.*, *United States v. Javed*, No. CR 15-20351, 2020 WL 7090322 (E.D. Mich. Dec. 4, 2020) (quoting *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)) ("The mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release[.]"). Considering Defendant's age, health, vaccination status, and the present data on Mendota FCI, the burden of demonstrating an extraordinary and compelling circumstance has not been met by Defendant. For these reasons, Defendant fails to show that extraordinary and compelling circumstances warrant his release.

Defendant also maintains that his sentence length of 327 months when compared to his co-conspirator, Deshawn Howard's sentence—which was reduced from 188 to 151 months, then reduced again to 118 months—constitutes an unwarranted sentence disparity that should be considered under § 3553(a)(6). (ECF No. 62 at Pg ID 369.) In response, the Government argues that Howard was not designated as a career offender at sentencing. Howard was entitled to a

reduction without this designation due to a retroactive amendment applicable to his sentencing. (*Id.*)

Defendant received the career offender designation at sentencing and thus was not entitled to the retroactive reduction sought in his 2016 motion for sentence reduction, nor is he entitled to a reduction in the present matter. (ECF No. 46 at Pg ID 192.)

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Compassionate Release is **DENIED WITHOUT PREJUDICE**.

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: June 1, 2023